IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BYRON & YVONNE GRIFFITH** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil Action No. 1:06CV189LG-JMR |
| | § | |
| **U-STORE IT MINIWAREHOUSE CO.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Defendant's Motion for Summary Judgment filed November 14, 2006, in the above captioned cause. Plaintiffs have filed a response, to which Defendant has replied. After due consideration of the submissions, the record in this case and the relevant law, it is the opinion of the Court that the Motion should be granted.

### FACTS AND PROCEDURAL HISTORY

Following the sale of their home, Plaintiffs were in need of space to store various home furnishings. On or about September 24, 2001, Plaintiffs and the Defendant, U-Store Mini Warehouse Company ["U-Store"] entered into a lease agreement for three separate storage units located in Waveland, Mississippi. The storage warehouse facilities were severely damaged when Hurricane Katrina made landfall on August 25, 2005. Following the storm, and for a period of time thereafter, Waveland and the surrounding areas were without utilities. On September 1, 2005, Plaintiffs, attempted to access their U-Store storage units in order to check on their personal property; however, a "No Trespassing" sign was posted and Plaintiffs were denied access to the area. It is undisputed that Plaintiffs were permitted access to their

outside storage units on September 12, 2006, and denied access to their climate control storage units until October 3, 2005.

On April 25, 2006, Plaintiffs filed an amended complaint in this Court asserting claims of negligence and breach of contract against U-Store.[1]  According to the complaint, Plaintiffs' property, valued in excess of $120,000.00, was destroyed and rendered unfit due to U-Store's delay in allowing Plaintiffs access to their leased storage units.  *¶ III, Plaintiffs' Amended Complaint*.  Plaintiffs further claim that "Defendants' actions . . . constitute negligent [sic], breach of contract and/or breach of duty owed by the Defendant to the Plaintiffs to maintain a safe environment for Plaintiffs' property . . . ."  *¶ V, Plaintiffs' Amended Complaint.*  U-Store has moved for summary judgment on all of the Plaintiffs' claims[2]

## DISCUSSION

<u>SUMMARY JUDGMENT STANDARD</u>

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  A party seeking summary judgment bears the initial burden of identifying

---

[1] The above captioned cause was initially filed in the Hancock County Circuit Court and removed to this Court on January 3, 2006.

[2] . . . assuming that every factual allegation made in the complaint is true, such allegations do not show that a bailment relationship existed.  Furthermore, the allegations do not justify ignoring an unambiguous contract.  Finally, even assuming arguendo that a bailment relationship existed, the Plaintiffs have not and cannot show any evidence that the Defendant's conduct in posting a 'NO TRESPASS' sign was negligent under the circumstances.  *Defendant's Mot. for Summ. Judgment, ¶ 24, at p. 8-9.*

those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The movant need not negate the non-movant's claims.  Instead, movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate burden of proof at trial.  *Id.* at 323-24.  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id*. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256-57 (1986).

BREACH OF CONTRACT CLAIM

"The elements of a breach of contract are: (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached; and (3) that the plaintiff has been thereby damaged monetarily." *Favre Prop. Mgmt, LLC v. Cinque Bambini*, 863 So.2d 1037, 1044 (Miss. Ct. App. 2004), *citing Warwick v. Matheney,* 603 So.2d 330, 336 (Miss.1992).

The record evidences the existence of a valid and binding contract in the form of the lease agreement executed by the parties in 2001.  Moreover, the Court finds that the terms of the lease contract are not ambiguous.  The express terms of the lease agreement are clearly set out and govern the rights and liabilities of the contracting parties.

Plaintiffs assert that U-Store actions in refusing them access to their storage units in the days immediately following Hurricane Katrina breached the terms the lease agreement. Following the storm, U-Store elected to post a No Trespassing sign on the premises until a structural engineer could determine the state of the storage buildings themselves.  Paragraph

6 of the lease agreement governs access to the storage units:

> Access and Parking.   Occupant shall have access to the Space during the normal hours of operation of the Property as posted in the rental office at the Property or as otherwise designated by the Owner.

*¶ 6 of the Lease, att. as Ex. "B" to Defendant's Mot. for Summ. Judgment.*

Under the terms of the Agreement, the action of U-Store limiting access to the storage units was permissible.  The terms of the Agreement are not disputed; therefore this Court is bound to apply them to the undisputed facts.  *Liberty Mut. Ins. Co. v. North Laurel Shopping Center, Inc.*, 410 F.2d 96, 98 (5th Cir. 1969).  Plaintiff has failed to present evidence of breach on the part of the Defendant; therefore, Defendant is entitled to judgment as a matter of law on Plaintiff's contract claim.

### NEGLIGENCE AND BAILMENT CLAIM

Plaintiffs also assert that the actions by U-Store and its agent following the storm created a bailment relationship as a matter of law since U-Store took exclusive control over the custody, care or possession of Plaintiffs' personal property by refusing Plaintiffs access to the storage units.  *Plaintiffs' Resp. in Opp. to Mot. for Summ. Judgment at p. 4*.  Plaintiffs argue that the failure by U-Store to deliver the personal property it held in good condition creates "a prima facie presumption of negligence." *Id. at pp. 3-4*.  Once again the Agreement language establishes the parties' relationship.

> Use and Compliance with the Law.   . . .  The relationship between Owner and Occupant created under this Lease is that of a commercial landlord and tenant, and not a bailment, and Occupant acknowledges and agrees that Owner does not and will not exercise care, custody or control over the Personal Property except as expressly set forth herein.

*¶ 8 of the Lease, att. as Ex. "B" to Defendant's Mot. for Summ. Judgment.*

The summary judgment evidence shows that the intent of the parties, as expressed in the instrument, is that U-Store agreed to provide Plaintiffs a leased space in exchange for a fee. The Agreement language is clear inasmuch as the parties agreed to create a Landlord and Tenant relationship, and not a bailment. Plaintiffs argument that the actions by Defendant created a bailment relationship is inconsistent with the express language in the Agreement. Plaintiffs have provided no evidence establishing the elements of a bailment.[3]

Plaintiffs contend that the Defendant's refusal to permit them to timely access their climate controlled unit, resulted in their personal property being ruined by mildew and mold. According to the Plaintiffs, had they been able to remove their property before October 3, 2006, said property would not have been subjected to total deterioration and loss. *See Statement of Ruth Sheridan att. as Ex. "A" to Plaintiffs' response to Mot. for Summ. Judgment*. Once more, the terms of the Agreement control and specifically exclude any actions against U-Store for "negligence" to personal property. Paragraph 13 of the Lease Agreement contains a hold harmless clause that states:

> <u>Non Liability of Owner and Agent and Insurance Obligation of Occupant.</u>
> Neither Owner nor Agent shall be liable to Occupant or any other party for personal injury or damage to any Personal Property arising from any cause whatsoever, including, but not limited to, interruption or discontinuance of utilities, burglary, theft, vandalism, fire, water damage, mysterious disappearance, earthquake, hurricane, rain, explosion, bursting pipes, vermin, rodents or acts of God, regardless of whether such damage or loss is caused by the intentional or negligent acts or omissions of Owner, Agent, Owner's or Agent's agents, Occupant or any other party. Occupant waives or releases any

---

[3] A bailment is created by the delivery of personal property by one person to another in trust for a specific purpose, pursuant to an express or implied contract to fulfill that trust. *See generally* 8A AM. JUR. 2D. BAILMENTS §§ 1, 4 .

rights of recovery against Owner and Agent that Occupant may have as a result of this Lease or the leasing of the Space.  Occupant acknowledges that neither Owner nor Agent has made any representations or warranties, either express or implied, as to the safety of the Property or otherwise and that neither Owner nor Agent shall be required to provide any security protection to Occupant or the Personal Property.  Any security which Owner or Agent maintains is for Owner's and Agent's sole use and convenience and may be discontinued by Owner or Agent at any time without liability or notice to Occupant to any other party.  **Neither Owner nor Agent shall be required to carry insurance covering any loss to person or property that Occupant may have or claim as a result of leasing this Space or otherwise.  Occupant shall at all times during the term of this lease, obtain and maintain insurance covering the loss or damage to personal Property stored at this Property.  Occupant expressly agrees that the provider of any insurance carried by Occupant with respect to the Personal Property or otherwise shall not be subrogated to any claim of Occupant against Owner, Agent or Owner's or Agent's agents, employees, partners or principals.**

*¶ 13 of the Lease, att. as Ex. "B" to Defendant's Mot. for Summ. Judgment. [emphasis supplied].*
The terms of the Agreement specifically exclude any negligence claims.

Based on the record and summary judgment evidence before the Court, Plaintiffs have failed to create a material fact question on Plaintiffs' negligence and bailment claims.  The language contained in the Agreement is unambiguous and controls.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment filed November 14, 2006, [33-1] should be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 20th day of April, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
